IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-460-FL

| | | |
|---|---|---|
| BILL REMY, MICHELE BENNETT, DAN SULLIVAN, and KEN KOENEMANN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LUBBOCK NATIONAL BANK, | ) ) | |
| Defendant. | ) | |
| LUBBOCK NATIONAL BANK, | ) ) | |
| Counter Claimant, | ) ) | |
| v. | ) ) | ORDER |
| BILL REMY, MICHELE BENNETT, and DAN SULLIVAN, | ) ) ) | |
| Counter Defendants. | ) | |
| LUBBOCK NATIONAL BANK, | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| TBM CONSULTING GROUP, INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE; ANAND SHARMA 2009 GRAT TRUST; ANAND SHARMA; ROBERT DEAN; STEPHEN SMITH; RON WINCE; MELVIN R. HAUGHT; JOHN DOES 1-15; WILLIAM SCHWARTZ; TBM CONSULTING GROUP, INC.; LOTUS ONE LLC; MARK GOTTFREDSON; and STOUT RISIUS ROSS, LLC f/k/a/ Stout Risius Ross, Inc., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

This matter is before the court on joint motion to stay discovery (DE 79) filed by third-party defendant Stout Risius Ross, LLC f/k/a Stout Risius Ross, Inc. ("Stout"), third-party defendants Anand Sharma, Anand Sharma 2009 GRAT Trust, and Lotus One LLC ("Sharma parties"), and defendant, counter claimant, and third-party plaintiff Lubbock National Bank ("Lubbock") (collectively, "moving parties"). The matters have been fully briefed, and in this posture the issue raised are ripe for ruling. For the reasons that follow, the court grants the moving parties' motion to stay.

## BACKGROUND

TBM Consulting Group, Inc. ("TBM") and four of its officers filed this action against Lubbock, a former trustee of the TBM Consulting Group, Inc. Employee Stock Ownership Plan (the "ESOP"), on September 11, 2017, seeking relief for Lubbock's alleged breaches of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., arising out of a 2011 transaction (the "2011 transaction") in which, among other things, the ESOP purchased stock from the Sharma parties. In connection with the 2011 transaction, Lubbock engaged Stout, an independent advisory firm, to perform a valuation of TBM and provide a fairness opinion concerning the consideration to be paid by the ESOP for the Sharma parties' shares.

On November 17, 2017, Lubbock filed a motion to dismiss. Thereafter, the court stayed discovery pending resolution of the motion to dismiss. On May 31, 2018, the court granted in part and denied in part Lubbock's motion, and lifted the stay of discovery, in part dismissing TBM as a plaintiff.

On July 5, 2018, Lubbock filed answer, affirmative defenses, counterclaim, and third-party complaint. Lubbock subsequently amended its answer and third-party complaint on September 13,

2

2018, and in its first amended third-party complaint seeks indemnity, contribution and/or apportionment from counterclaim defendants and third-party defendants, including the Sharma parties and Stout, should it be deemed liable to the ESOP for the losses alleged in the complaint.

Stout and the Sharma parties filed motions to dismiss Lubbock's claims on September 18 and 27, 2018, respectively. Stout's motion to dismiss argues that ERISA does not provide fiduciary Lubbock a right to contribution against non-fiduciary Stout. The Sharma parties' motion to dismiss argues that 1) ERISA does not provide fiduciary Lubbock a right to contribution or indemnity against co-fiduciary the Sharma parties, 2) even if ERISA did provide such a cause of action, the Sharma parties were not ERISA fiduciaries and 3) Lubbock's claims are barred by the statute of limitations. Lubbock argues that ERISA provides for a right of indemnity and contribution against fiduciaries and non-fiduciaries, that Lubbock has sufficiently alleged that the Sharma parties were fiduciaries, and that its claims are not barred by the statute of limitations.

On January 14, 2019, the court issued initial order regarding planning and scheduling directing the parties to file joint report and plan concerning discovery following the parties' Federal Rule of Civil Procedure 26(f) conference, and further providing that "[i]f the parties have made a good faith attempt to confer and submit a joint discovery plan, but have been unable to do so, the parties shall file separate plans within the allotted time period, each of which must include the parties' respective positions and information as would be included in a joint report." (DE 77 at 8).

On February 8, 2019, the moving parties filed the instant motion to stay discovery. Also on February 8, 2019, plaintiffs Bill Remy, Michele Bennett, Dan Sullivan and Ken Koenemann ("plaintiffs"), counterclaim-defendants Bill Remy, Michele Bennett, and Dan Sullivan ("counterclaim-defendants"), and third-party defendants TBM, TBM Consulting Group, Inc.,

3

Employee Stock Ownership Plan Committee, Robert Dean, Ron Wince, Stephen Smith, William A. Schwartz, Mark Gottfredson, and Melvin R. Haught ("TBM third-party defendants") (collectively, "TBM parties") filed individual Rule 26(f) report and plan. On February 12, 2019, the moving parties filed individual Rule 26(f) report and plan. On February 22, 2019, the TBM parties filed opposition to the moving parties' motion to stay.

## DISCUSSION

A.   Standard of Review

A district court has the authority pursuant to Federal Rule of Civil Procedure 26(c) to establish limitations on discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995). The court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of dispositive motions. Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), aff'd, 85 Fed.Appx. 333 (4th Cir. 2004), cert. denied, 543 U.S. 819 (2004); see also Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) (endorsing the trial court's decision to stay discovery pending resolution of a Rule 12(b)(1) motion), overruled on other grounds by, Sheridan v. United States, 487 U.S. 392 (1988).

Factors weighing in favor of a stay include 1) the potential for the dispositive motion to terminate all claims in the case or all claims against a defendant; 2) strong support on the merits for the dispositive motion; and 3) the irrelevancy of discovery to determining the dispositive motion. Yongo v. Nationwide Affinity Ins. Co. of Am., No. 5:07–CV–94–D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008). However, courts should not stay discovery where discovery is still necessary to gather facts to defend against a dispositive motion. Tilley, 270 F.Supp.2d at 734; see also Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988) ("[Motions

4

to stay discovery] are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems").

B.   Analysis

Here, the factors articulated by the court in Yongo weigh in favor of a stay. First, Stout and the Sharma parties have filed motions to dismiss which, if granted, would result in the dismissal of all of the claims asserted against them with prejudice. Second, the motions to dismiss raise "significant issues for the court's consideration," see Somie v. GEO Grp., Inc., No. 5:09-CT-3142-FL, 2011 WL 1831695, at *2 (E.D.N.C. May 12, 2011), in that the motions to dismiss require resolution of issues of law that have not yet been decided by the Fourth Circuit, whether ERISA provides Lubbock with a right to indemnity and/or contribution against Stout and the Sharma parties. Third, the motions to dismiss turn on legal issues, and there is no need for discovery before the court rules on the motions. See Yongo, 2008 WL 516744 at *2.

The TBM parties do not dispute that the Yongo factors indicate stay is proper where, as here, motions to dismiss would, if granted, fully resolve the claims against Stout and the Sharma parties and turn on unsettled legal issues that do not require discovery to resolve. However, the TBM parties argue that the Yongo factors are not exhaustive and that taking into account considerations recognized by other courts in this circuit, the moving parties have not "satisfied their burden of showing that a stay of discovery would be proper." (DE 86 at 5).

More specifically, the TBM parties argue a stay of discovery would result in further delays in the progress of this 2017 case and would not promote judicial economy or expedite the resolution of this case in that this case will proceed as to the TBM parties and Lubbock regardless of the

5

outcome of the court's ruling on the motions to dismiss. (DE 86 at 5). However, cases cited by the TBM parties in support concern cases where discovery potentially would be ongoing in another venue or potential dismissal of claims would not be with prejudice, unlike the present situation. See IMPulse NC, Inc. v. Bi-State Dev. Agency, No. 5:05-CV-423-FL(2), 2005 WL 8159438, at *1 (E.D.N.C. Oct. 17, 2005) ("Defendant has essentially admitted that personal jurisdiction and venue would be proper in Missouri or Illinois . . . and plaintiff has maintained its commitment to prosecute this suit no matter what the venue . . . . Thus, the court is satisfied that this litigation will ultimately proceed, even if not in the Eastern District of North Carolina, and that discovery will be necessary); Simpson, 121 F.R.D. at 263. "[A] request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case . . . . A request to stay discovery pending resolution of a motion to dismiss the complaint for failure to state a claim will be denied where resolution of the pending motion is not necessarily dispositive because the pleadings may easily be amended to correct the deficiencies.").

The TBM parties additionally argue that whether or not the court grants the motions to dismiss, the TBM parties and Lubbock will be entitled to obtain documents and testimony from Stout and the Sharma parties as to, among other things, the ESOP transaction, financial projections influenced by Sharma, Stout's valuation of TBM stock, and how and under what circumstances Lubbock came to be retained as ESOP Trustee. In short, the TBM parties disagree with the moving parties that the obligations of Stout and the Sharma parties "will be significantly narrowed" if the claims against them are dismissed. (See DE 80 at 4).

Although the TBM parties and Lubbock would be entitled to discovery from Stout and the Sharma parties, whether these entities are parties or not, resolution of the motions to dismiss would

impact the scope of discovery taken from these parties. Lubbock's claims against Stout are predicated on its alleged breach of its professional duty to Lubbock, (see third-party compl. (DE 50) ¶ 152), and its claims against the Sharma parties are predicated on their alleged "misconduct and fiduciary breaches," (id. ¶ 148). Discovery regarding alleged "misconduct" and "breaches" of duties by Stout and the Sharma parties will be unnecessary should the motions to dismiss be granted.

Although the TBM parties are correct that stay of discovery will result in further delays and the pending motions to dismiss would not fully dispose of all matters in this case, the court finds a stay pending resolution of the motions to dismiss warranted in this situation. The court is further persuaded that it would be inefficient to phase discovery separately as to Lubbock versus Stout and the Sharma parties,[1] notwithstanding the TBM parties' argument that Lubbock would suffer no prejudice from engaging in discovery. If phased, the parties who have already engaged in discovery would potentially need to re-review and produce documents, and any depositions that are taken without Stout and the Sharma parties likely would need to be re-taken.

## CONCLUSION

Based on the foregoing, the court GRANTS the moving parties' motion to stay discovery pending resolution of the Stout and Sharma parties' motions to dismiss. (DE 79).

SO ORDERED, this the 20th day of March, 2019.

LOUISE W. FLANAGAN
United States District Judge

---

[1] Lubbock asserts that its claims against Stout and the Sharma parties state a claim under Rule 12, but it joins their motion to stay, arguing a stay would provide more efficiency and judicial economy.